IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DESTINY K. COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 110-004 |
| | ) | |
| THE STATE OF GEORGIA; J. CARLISLE | ) | |
| OVERSTREET, Chief Judge Augusta | ) | |
| Judicial Circuit; CARL C. BROWN, JR., | ) | |
| Columbia County Superior Court Judge; | ) | |
| DUNCAN D. WHEALE, Columbia | ) | |
| County Superior Court Judge; SAM | ) | |
| SIBLEY, Augusta Judicial Circuit Public | ) | |
| Defender; and CORNICE LEE, Public | ) | |
| Defender Office Augusta Judicial Circuit, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned case *pro se*, and is proceeding ostensibly pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) (2)(B)(i) & (ii).

I. **BACKGROUND**

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names as Defendants: (1) The State of Georgia; (2) The Honorable J. Carlisle Overstreet, Chief Judge for the Augusta Judicial Circuit; (3) The Honorable Carl C. Brown, Jr., Superior Court Judge; (4) The Honorable Duncan D. Wheale, Superior Court Judge; (5) Sam Sibley, Augusta Judicial Circuit Public Defender; and (6) Cornice Lee, from the Public Defender's Office, Augusta Judicial Circuit. (Doc. no. 1, pp. 1, 2).

According to Plaintiff, on August 26, 2004, he entered a guilty plea in the Superior Court of Columbia County. (Id. at Attach. 2). On April 30, 2007, proceeding *pro se*, Plaintiff filed a motion to set aside judgment, an amended motion to set aside judgment, a "motion to discover," and a motion to recuse. (Id.). Next, Plaintiff provides that on December 19, 2007, he filed an application with the Georgia Court of Appeals for a discretionary appeal. (Id. at 4). On January 11, 2008, the application for discretionary appeal was granted. (Id. at Attach 1). However, on August 7, 2008, the appeal was removed from the docket of the court of appeals and was remanded to the trial court because the trial court failed to provide the trial transcripts to the court of appeals.[1] (Id. at Attach. 2).

---

[1] The court of appeals's decision provides in pertinent part:

> The transcripts were not included in the record on appeal because they were not filed below. [Plaintiff] requested additional time to file his appellate brief, explaining that he filed a motion to produce documents in the trial court after filing his notice of appeal in an attempt to obtain the transcript. [Plaintiff] also noted that he filed a "motion to discover" documents, including the transcript, on April 30, 2007. . . .

(Doc. no. 1, Attach. 3). The court of appeals also found that Plaintiff had filed a motion to establish his indigency, but that motion was ignored by the trial court. (Id.). As an indigent

2

Notably, on November 1, 2007, prior to filing his appeal, Plaintiff filed a writ of mandamus seeking an order to compel the production of his transcript in his underlying criminal case. (Id. at 5). Judge Brown presided over that petition for a writ of mandamus. (Id.). Plaintiff maintains that Judge Brown "refused to grant [Plaintiff] a hearing on my petition or otherwise rule as the law dictates that he must." (Id.).

Plaintiff then provides that he filed a second petition for a writ of mandamus on December 23, 2008. (Id. at 4). According to Plaintiff, Chief Judge Overstreet had refused to comply with the order of the court of appeals because Chief Judge Overstreet had not yet addressed the issues remanded to the trial court. (Id.). Therefore, Plaintiff filed for a writ of mandamus requesting that he be deemed indigent and therefore be given a free copy of the trial court transcripts.[2] (Id.). Plaintiff states, "On February 3, 2009, [] Chief Judge Overstreet, through his attorney, filed [a] motion with the State court to dismiss [Plaintiff's] request for the writ of mandamus[,] stating he was NOT obligated to comply with the higher court order." (Id. at 4). However, despite Plaintiff's characterization of the motion to dismiss, the stated reasons for the dismissal request were: (1) Chief Judge Overstreet was never served with process in the mandamus case; (2) a mandamus is not the proper vehicle to achieve Plaintiff's sought-after relief because, contrary to Plaintiff's statement that Chief Judge Overstreet refused to comply with the Court of Appeals remand, a judge has the

---

person, Plaintiff would be entitled to a free transcript of the proceedings below. Therefore, the court of appeals remanded Plaintiff's case to give the trial court the opportunity to determine whether Plaintiff was indigent and therefore entitled to a free copy of the transcript. (Id.).

[2]Judge Wheale was assigned Plaintiff's second petition for a writ of mandamus. (Doc. no. 1, p. 4).

3

discretion to determine the manner in which the court will inquire into Plaintiff's indigency and set the time necessary for any necessary hearing; and (3) to the extent Plaintiff's action alleges injury pursuant to a judicial action, such claim would be precluded under the doctrine of judicial immunity. (Id. at Attach. 3). The second mandamus action also requested that Judge Brown be compelled to provide the relief Plaintiff requested in the first mandamus action. Notably, because the second mandamus was assigned to Judge Wheale, who according to Plaintiff is "a subordinate judge on Chief Judge Overstreet's court," Plaintiff filed a motion to transfer the case to another judicial circuit. (Id.). Plaintiff states that Judge Wheale refused to grant Plaintiff a hearing on the motion to transfer or to otherwise rule on that motion "as he is legally obligated to." (Id.).

Plaintiff states that he was released from state prison on June 6, 2009, and provided a change of address to the state court clerk. Plaintiff further states that he continued to await action on his petition, but no action followed. (Id.). On November 19, 2009, he went to the Augusta Judicial Circuit Public Defender's Office to request that an attorney be appointed to represent him in his criminal case because of his indigency. However, Defendant Lee allegedly informed Plaintiff that her office would not appoint an attorney. Plaintiff made a second request for an attorney and claims Defendant Sibley determined that Plaintiff would not be appointed an attorney. (Id. at 5).

Plaintiff requests that this Court order Chief Judge Overstreet to immediately comply with the August 7, 2008 order of the court of appeals, and that Chief Judge Overstreet be held "in contempt of court for open disobedience to court rules and orders and for violating [Plaintiff's] Constitutional right to appeal." (Id. at 32). Plaintiff also requests that Judges

4

Brown and Wheale be held in "contempt of court for violations of Plaintiff's state and federal constitutional rights to due process." (Id.). Plaintiff further requests that Defendants Sibley and Lee be held in "contempt of court for depriving Plaintiff of due process of law in the appointment of counsel for indigent defendants in the State's criminal courts." (Id.). Finally, Plaintiff requests that "the State of Georgia be ordered to monetarily compensate Plaintiff for the violations of his fundamental constitutional rights, for real loss, for humiliation and pain and suffering and for punitive damages in an amount of $6,000,000.00." (Id.).

## II. DISCUSSION

### A. Relief Sought Is Not Properly Brought in § 1983 Action

"The [f]ederal [g]overnment cannot serve a writ of mandamus upon [s]tate [e]xecutives or upon [s]tate courts to compel them to protect the rights, privileges and immunities of citizens . . . ." Mitchum v. Foster, 407 U.S. 225, 240 (1972) (quoting Rep. Lowe, Cong. Globe, 42d Cong., 1st Sess., 374-76 (1871)); see also Moye v. Clerk, DeKalb County Super. Ct., 474 F.2d 1275, 1276 (1973) (noting that "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought"); Sutton v. Gwinnett County Super. Ct., Civil Action No. 1:07-CV-2745-TWT-GGB, 2007 WL 4287693, at *1 (N.D. Ga. Dec. 3, 2007).[3] Thus, to the extent Plaintiff requests that this Court direct Chief

---

[3]Mandamus is a "'drastic' remedy which is authorized in only 'extraordinary circumstances.'" In re Paradyne Corp., 803 F.2d 604, 612 (11th Cir. 1986) (*per curiam*) (quoting Kerr v. United States District Court, 426 U.S. 394, 402 (1976)). It is appropriate specifically to remedy a clear usurpation of power or abuse of discretion, "when no other adequate means of obtaining relief is available." In re Paradyne Corp., 803 F.3d at 612. "Mandamus is an appropriate means of relief when '(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy

5

Judge Overstreet and Judges Brown and Wheale in the performance of their duties, the Court lacks the authority to grant Plaintiff the relief he seeks.

### B. Judges and Attorneys

Further, even if the Court were to consider Plaintiff's claims, Chief Judge Overstreet and Judges Brown and Wheale would be entitled to absolute immunity. It is well-settled that judicial officers are entitled to absolute immunity from suit for actions taken that are within their jurisdictional power to perform. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1979) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'" (footnote omitted)). Thus, the Court must determine whether Chief Judge Overstreet and Judges Brown and Wheale were dealing with Plaintiff in a judicial capacity and whether the Judges' conduct clearly fell outside their subject matter jurisdiction. See id. at 359-64.

As the complaint makes no allegation that Chief Judge Overstreet and Judges Brown and Wheale acted in the "clear absence of all jurisdiction," id. at 357, the Court must consider whether Chief Judge Overstreet and Judges Brown and Wheale actions were of the type normally performed by judges. Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), aff'd, 784 F.2d 403 (11th Cir. 1986) (Table). Here, Plaintiff's complaints against Chief Judge Overstreet and Judges Brown and Wheale appear to concern the Judges' actions

---

[is] available.'" Badier v. Gonzalez, 475 F. Supp. 2d 1294, 1298 (N.D. Ga. Dec. 1, 2006) (citing Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003)). Moreover, Federal Rule of Civil Procedure 81(b) has formally abolished the writ of mandamus. Badier, 475 F. Supp. 2d at 1298 (citing Fed. R. Civ. P. 81(b)). However, the rule provides that "[r]elief heretofore available by mandamus . . . may be obtained by appropriate action or . . . motion." Id.

or inaction as it relates to ruling on motions and complying with remand instructions from the court of appeals, activities of a type usually performed by judges. As such, Chief Judge Overstreet and Judges Brown and Wheale are entitled to absolute immunity, and Plaintiff's claims against them are subject to dismissal.

Additionally, Plaintiff fails to state a claim upon which relief can be granted against Defendants Sibley and Lee. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added). The allegations against Defendants Sibley and Lee only pertain to their traditional duties as public defenders, and therefore, they were not acting under color of state law. Furthermore, Plaintiff bases his claims against these Defendants on the presumption that he will be deemed indigent by the state court, the very issue that has yet to be decided in state court. As such, Plaintiff has not shown that these Defendants actions were unlawful. Accordingly, Plaintiff fails to state a claim for relief against Defendants Sibley and Lee.

### C. The State of Georgia

Finally, Plaintiff has failed to state a claim against the State of Georgia, as the State is immune from suit under § 1983. See, e.g., Kitchen v. CSX Transp., Inc., 6 F.3d 727, 731 (11th Cir. 1993) ("The state of Georgia is immune to suit for any cause of action unless sovereign immunity is expressly waived by constitutional provision or statute."); see also Alabama v. Pugh, 438 U.S. 781, 782 (1978) (*per curiam*) (suit against State under § 1983 barred by Eleventh Amendment). Moreover, even if the Court were to find for some

reason that the State of Georgia was not immune from suit, any claims against the State of Georgia would again be foreclosed by the fact that Plaintiff has failed to allege a basis for suit under § 1983. Thus, Plaintiff's claims against the State of Georgia also fail.

### III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED.**

SO REPORTED and RECOMMENDED this 25th day of February, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE